(108 So. 253)

**HOLMES v. KING.   (8. Div. 834.)**

(Supreme Court of Alabama.   April 15, 1926.)

**1. Equity ☞421.**

Decree, sustaining demurrer to bill in equity, *held* not to dispose of cause nor dismiss bill, being interlocutory.

**2. Appeal and error ☞339(2).**

Appeal from decree sustaining demurrer to bill in equity will be dismissed, if not taken within 30 days, as provided by Code 1923, §. 6079.

**3. Equity ☞421.**

Decrees overruling demurrer to and motion to strike defendant's plea *held* interlocutory.

**4. Appeal and error ☞102, 103.**

No appeal will lie from decrees overruling demurrer to and motion to strike defendant's plea.

**5. Appeal and error ☞78(3)—Decrees, overruling demurrer to and motion to strike defendant's plea, cannot be assigned for error in advance of decree disposing of cause finally.**

Decrees, overruling demurrer to and motion to strike defendant's plea, cannot be assigned for error in advance of decree disposing of cause finally.

Appeal from Circuit Court, Colbert County; C. P. Almon, Judge.

Bill in equity by Stella Mae Holmes, suing by her next friend, Ada Holmes, against Claude King. From the decree, complainant appeals. Appeal dismissed.

Williams & Chenault, of Russellville, for appellant.

In view of the decision, it is not necessary that brief be here set out.

Kirk & Rather, of Tuscumbia, for appellee.

The appeal was not prosecuted within 30 days and should be dismissed. Code 1923, § 6079; Lewis v. Martin, 98 So. 635, 210 Ala. 401; Minge v. Smith, 89 So. 473, 206 Ala. 330; Bickley v. Hays, 62 So. 767, 183 Ala. 506; Singo v. Brainard, 55 So. 603, 173 Ala. 64.

SAYRE, J. Appellant, sole child and heir of W. H. Holmes, averred to be civilly dead by reason of a sentence to the penitentiary for life, filed the bill in this cause to redeem, that is, to enforce, an alleged equity of redemption in lands and personal property left by her ancestor. Appellee replied by demurring to the bill, which demurrer was sustained, and by a plea, to state it in short, that the mortgages alleged in the bill had been duly foreclosed. Appellant's motion to strike the plea and her demurrer thereto were overruled.

[1, 2] The decree on the demurrer to the bill was simply that "demurrers to the original bill be and the same are hereby sustained." This decree did not dispose of the cause, did not dismiss the bill, and was interlocutory. Bickley v. Hays, 62 So. 767, 183 Ala. 506, and cases there cited. The appeal is governed by section 6079 of the Code of 1923 and, on appellee's motion, must be dismissed because not taken within 30 days of the decree.

[3-5] The decrees on appellant's demurrer to the plea and motion to strike were also interlocutory, necessarily so, and as against them no appeal will lie; nor can they be assigned for error in advance of a decree disposing of the cause finally.

Appeal dismissed.

GARDNER, MILLER, and BOULDIN, JJ., concur.